******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion. In no event will any such motions be accepted before the "officially released" date.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the electronic version of an opinion and the print version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest print version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears on the Commission on Official Legal Publications Electronic Bulletin Board Service and in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

STATE OF CONNECTICUT *v.* DAVID E. LEE
(SC 19688)

Rogers, C. J., and Palmer, Eveleigh, McDonald, Espinosa, Robinson and Vertefeuille, Js.

*Submitted on briefs April 4—officially released April 25, 2017*

*Bradford M. Buchta*, assistant public defender, filed a brief for the appellant (defendant).

*Sarah Hanna*, assistant state's attorney, *Matthew C. Gedansky*, state's attorney, and *Charles W. Johnson*, assistant state's attorney, filed a brief for the appellee (state).

*Opinion*

PER CURIAM. The sole issue in this certified appeal is whether, in light of this court's decision in *State* v. *Wright*, 320 Conn. 781, 135 A.3d 1 (2016), the proper remedy for the defendant's conviction of two counts of conspiracy arising from the same unlawful agreement is vacatur.[1] The defendant, David E. Lee, was convicted of, inter alia, conspiracy to make a false statement in the second degree in violation of General Statutes §§ 53a-157b (a) and 53a-48 (a), and conspiracy to fabricate physical evidence in violation of General Statutes §§ 53a-155 (a) (2) and 53a-48 (a), arising from a single unlawful agreement.[2] The Appellate Court held that the defendant's conviction of both conspiracy counts on the basis of a single unlawful agreement violated the constitutional prohibition against double jeopardy[3] and, relying on this court's decision in *State* v. *Chicano*, 216 Conn. 699, 724–25, 584 A.2d 425 (1990), cert. denied, 501 U.S. 1254, 111 S. Ct. 2898, 115 L. Ed. 2d 1062 (1991), remanded the case to the trial court with direction to merge the conspiracy to make a false statement in the second degree conviction into the conspiracy to fabricate physical evidence conviction, to vacate the sentence on the conviction of conspiracy to make a false statement in the second degree, and to resentence the defendant. *State* v. *Lee*, 138 Conn. App. 420, 450, 454, 52 A.3d 736 (2012). While the defendant's petition for certification to appeal was pending before this court, we held in *State* v. *Wright*, supra, 828–30, that the proper remedy when a defendant is convicted of two counts of conspiracy arising from the same unlawful agreement in violation of double jeopardy is vacatur rather than merger. Both the defendant and the state now claim that pursuant to *Wright*, the defendant is entitled to have his conspiracy to make a false statement in the second degree conviction vacated. We agree.

A detailed recitation of the facts is found in the Appellate Court's decision; see *State* v. *Lee*, supra, 138 Conn. App. 424–25; and is not necessary for the resolution of the present appeal. The defendant was charged in two separate informations for offenses related to a motor vehicle accident and to the creation of a false affidavit to avoid prosecution for the charges arising from the motor vehicle accident, including two conspiracy counts. He was tried before a jury on the motor vehicle and the false affidavit cases in a consolidated trial. After the state withdrew a charge of conspiracy to commit forgery in the third degree, the jury found him guilty of all remaining counts in both cases, including the two conspiracy counts at issue here.[4] Subsequently, the trial court sentenced the defendant to a total effective sentence of eight years and thirty days of incarceration, execution suspended after three years and ten months, followed by three years of probation.

The defendant appealed to the Appellate Court claim-

ing that his convictions of conspiracy to make a false statement in the second degree and conspiracy to fabricate physical evidence arising from the same unlawful agreement violated the constitutional prohibition on double jeopardy.[5] Id., 447–50. In his initial brief to the Appellate Court, the defendant sought merger of the two convictions as a remedy, pursuant to *State* v. *Chicano*, supra, 216 Conn. 724–25. *State* v. *Lee*, supra, 138 Conn. App. 447. The state agreed both with his claim of a violation of double jeopardy and his suggested remedy. Id. In his reply brief, however, the defendant claimed that pursuant to *Rutledge* v. *United States*, 517 U.S. 292, 307, 116 S. Ct. 1241, 134 L. Ed. 2d 419 (1996), the proper remedy was to vacate his conspiracy to make a false statement in the second degree conviction, the less serious offense, and to remand his case to the trial court for resentencing. *State* v. *Lee*, supra, 447–48. The Appellate Court held that it was bound by *Chicano* to merge rather than to vacate the two conspiracy convictions. Id., 448. Accordingly, the Appellate Court reversed in part the judgment of the trial court in the false affidavit case and remanded the case to the trial court with direction to merge the defendant's conviction of conspiracy to make a false statement in the second degree into his conviction of conspiracy to fabricate physical evidence, to vacate the sentence on his conviction of conspiracy to make a false statement in the second degree, and to resentence the defendant on the conspiracy to fabricate physical evidence conviction. Id., 450. This appeal followed.

While the defendant's petition for certification to appeal from the Appellate Court's judgment was pending before this court, we first decided *State* v. *Polanco*, 308 Conn. 242, 61 A.3d 1084 (2013), and then decided *State* v. *Wright*, supra, 320 Conn. 781. In *Polanco*, we held that vacatur was the proper remedy for a violation of double jeopardy arising from the conviction and sentencing of greater and lesser included offenses. *State* v. *Polanco*, supra, 248–49. In *Wright*, we extended the vacatur remedy identified in *Polanco* to instances where there is a violation of double jeopardy arising from convictions of multiple counts of conspiracy based upon a single unlawful agreement. *State* v. *Wright*, supra, 828–30.

In the present case, at the time that the Appellate Court decided the defendant's appeal, *Chicano* was binding authority on that court and mandated merger as the remedy for a double jeopardy violation arising from consecutive convictions. Thus, the Appellate Court properly applied that binding precedent and remanded the defendant's case to the trial court with direction to merge the two conspiracy convictions. In light of our subsequent decisions in *Polanco* and *Wright*, however, the defendant is entitled to have his conviction of conspiracy to make a false statement in the second degree vacated.

The judgment of the Appellate Court is reversed in part, and the case is remanded to that court with direction to reverse, in part, the judgment of the trial court, and to remand the case to that court with direction to vacate the defendant's conviction and sentence for conspiracy to make a false statement in the second degree and then to resentence the defendant on his remaining convictions under the aggregate package theory of sentencing.[6]

[1] This court granted the defendant's petition for certification to appeal on the following question: "In light of our decision in *State* v. *Wright*, [supra, 320 Conn. 781], did the Appellate Court correctly determine that the proper remand to the trial court was a merger of the conspiracy counts, instead of a vacatur of one of the two conspiracy counts?" *State* v. *Lee*, 321 Conn. 911, 136 A.3d 644 (2016). Because this court had not yet decided *Wright* and the binding authority at the time of the Appellate Court's decision required merger rather than vacatur, the issue before this court, more properly rephrased, is whether, in light of this court's decision in *State* v. *Wright*, supra, 781, the proper remedy for the defendant's conviction of two counts of conspiracy arising from the same unlawful agreement is vacatur. See *State* v. *Ouellette*, 295 Conn. 173, 184, 989 A.2d 1048 (2010) (court may reframe certified question to more accurately reflect issue).

[2] The defendant was also convicted of multiple other counts, including some related to the operation of a motor vehicle, which are not the subject of this appeal. See also footnote 4 of this opinion.

[3] "The double jeopardy clause of the fifth amendment to the United States constitution provides: [N]or shall any person be subject for the same offense to be twice put in jeopardy of life or limb . . . . This constitutional provision is applicable to the states through the due process clause of the fourteenth amendment." (Internal quotation marks omitted.) *State* v. *Padua*, 273 Conn. 138, 172 n.39, 869 A.2d 192 (2005).

[4] The defendant then pleaded nolo contendere under a part B information to a charge of being a persistent offender with respect to operating a motor vehicle while under the influence.

[5] The defendant also raised multiple other challenges to his convictions that were rejected by the Appellate Court and are not the subject of this certified appeal.

[6] *State* v. *Wade*, 297 Conn. 262, 268–70, 998 A.2d 1114 (2010) (trial court must fashion new sentence on remaining counts to implement its original sentencing intent).